IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARWECH NYABOL CHUT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3033 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| CHIEF OF HASTINGS POLICE DEPARTMENT and DETECTIVE RON GARNER, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Garwech Nyabol Chut, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), who complains of treatment while he was in the custody of Hastings police officers in Adams County, Nebraska. According to the plaintiff, the defendants, in an effort to find drugs after arresting the plaintiff, arranged to have the plaintiff's stomach pumped against his will. Construed liberally, the complaint alleges that the involuntary intrusion into the plaintiff's body for the purpose of extracting evidence violated the Fourth Amendment to the U.S. Constitution and the plaintiff's constitutional rights to privacy and due process.

**Presumption of Official Capacity**

The complaint does not specify whether the defendants are sued in their individual capacity, official capacity, or both. In those circumstances, the law presumes that the defendants are sued *only* in their official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a city or county employee, in his or her official capacity, is in reality a claim against the city or county. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name,

---

[1] The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

1

to be treated as a suit against the entity." ***Therefore, the defendants' governmental employer is presently the only defendant in this case, rather than the defendants individually.***

It is important that the plaintiff understand the basis of a claim against the City of Hastings or the County of Adams as opposed to a claim against specific individual people. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. To be liable to the plaintiff, a city or county must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because its employees violated the plaintiff's civil rights. The county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

If suing the defendants in their official capacity *only* is not the plaintiff's intent, he may file an amendment to his complaint. If so, he must specify whether the defendant(s) are sued in their individual capacity, official capacity, or both capacities. If the plaintiff does amend his complaint to sue any defendant(s) in an individual capacity or in both capacities, he should request additional summons forms and Form 285s. That is because government employees are served with process in different locations in their individual and official capacities.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant(s), as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process on the plaintiff's behalf, without cost to the plaintiff, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons and ONE 285 form to the plaintiff together with a copy of this Order. That is because the defendants in their official capacity, as explained above, are the equivalent, in law, of their employer.

2. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. When completing the forms for service of process, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state

may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." If the defendants are employees of the City of Hastings, Nebraska, the address of the City's chief executive officer is Mayor Matt Rossen, 1419 Pershing Road, Hastings, Nebraska 68901. If the defendants are employees of the County of Adams, Nebraska, the County may be served c/o the County Clerk for Adams County, 500 West 4th Street, Hastings, Nebraska 68901.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The court will copy the complaint for the Marshal at no cost to the plaintiff.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. Therefore, the plaintiff should return the completed forms as soon as possible.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8 The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

12. General instructions for completing the forms for service of process are attached to this Order.

13. After the defendant enters an appearance, the plaintiff may begin discovery. The rules regarding written discovery are attached to this Order.

DATED this 18th day of May, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint. If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms. Also, you must give an address for the party to be served. The U.S. Marshal will not know a defendant's address.

6. When completing the forms for service of process, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." For employees of the Hastings, Nebraska, the address of the City's chief executive officer is Mayor Matt Rossen, 1419 Pershing Road, Hastings, Nebraska 68901. For employees of Adams County, Nebraska, the County may be served c/o the County Clerk for Adams County, 500 West 4th Street, Hastings, Nebraska 68901.

7. On the other hand, city or county employees in their *individual* capacity may be served wherever they may be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf. However, the plaintiff must file an amendment to the complaint to become entitled to serve the defendants in their individual capacity.

8. Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

9. Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

10. Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

11. Leave the last part of the summons form blank. The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.

5

## NOTICE to PRO SE LITIGANTS re WRITTEN DISCOVERY

The Federal Rules of Civil Procedure permit a party to serve written discovery requests upon another party. See, e.g.:

Rule 31 - depositions upon written questions

Rule 33 - interrogatories

Rule 34 - requests for documents

Rule 36 - requests for admission.

A plaintiff does not need leave of court to engage in written discovery (interrogatories, depositions upon written questions, and requests for production of documents or admissions) on parties to the case. See Fed. R. Civ. P. 31, 33, 34 and 36 (copies attached). Discovery requests are to be mailed, in the case of a represented party, to the attorney for the party from whom the discovery is sought.

To obtain documents from a person or entity who is not a party to the case, such as to obtain a plaintiff's medical records from a doctor who is not a defendant, the plaintiff must proceed pursuant to Fed. R. Civ. P. 45, which relates to subpoenas on nonparties. A copy of a subpoena is attached for the plaintiff's general information.

Rule 31. Depositions Upon Written Questions

(a) Serving Questions; Notice.

(1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.

(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties.

>   (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;
>
>   (B) the person to be examined has already been deposed in the case; or
>
>   (C) a party seeks to take a deposition before the time specified in Rule 26(d).

(3) A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).

(4) Within 14 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 7 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 7 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

(c) Notice of Filing. When the deposition is filed the party taking it shall promptly give notice thereof to all other parties.

Rule 33. Interrogatories to Parties

(a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d).

(b) Answers and Objections.

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

(3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

(5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

(c) Scope; Use at Trial. Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

(d) Option to Produce Business Records.
Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Rule 34. Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes

(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(c) Persons Not Parties. A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

Rule 36. Requests for Admission

(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre- trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

≈AO88  (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
UNITED STATES DISTRICT COURT

DISTRICT OF

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

~~AO88  (Rev. 1/94) Subpoena in a Civil Case~~

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

12

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.