IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARWECH NYABOL CHUT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3033 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CHIEF OF HASTINGS POLICE DEPARTMENT and DETECTIVE RON GARNER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

In this case, Garwech Nyabol Chut, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), protests treatment he experienced while in the custody of Hastings, Nebraska police officers in Adams County, Nebraska. According to the plaintiff, the defendants, in an effort to find drugs after arresting the plaintiff, arranged to have the plaintiff's stomach pumped against his will. Construed liberally, the complaint alleges that the involuntary intrusion into the plaintiff's body for the purpose of extracting evidence violated the Fourth Amendment to the U.S. Constitution and the plaintiff's constitutional rights to privacy and due process.

At this time, the following matters are pending before the court:

Filing nos. 16 and 39: the Suggestion of Death and Amended Suggestion of Death filed by the attorney for the Chief of the Hastings Police Department and "Detective Ron Garner" notifying the court that Detective Ronald Gardner died on April 4, 2006;

Filing no. 17: the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the Chief of the Hastings Police Department;

Filing no. 19: the plaintiff's Objection to Gardner's Suggestion of Death (filing no. 16)

1

and the Police Chief's Motion to Dismiss (filing no. 17);

Filing no. 21: the plaintiff's Motion for Leave to Amend Complaint, with request for extension of time to do so, and evidentiary materials attached;

Filing no. 25: the Motion to Dismiss filed on behalf of "Detective Ron Garner" (Ronald Gardner);

Filing no. 26: the Motion for Protective Order filed by the Hastings Police Chief;

Filing no. 27: the plaintiff's Objection to the Motion for Protective Order;

Filing nos. 28 and 37: the plaintiff's Motions for Appointment of Counsel;

Filing no. 32: the plaintiff's Motion to Compel Discovery; and

Filing no. 37: the plaintiff's Motion for Information as to the status of his motions.

## Ronald Gardner

As Magistrate Judge F.A. Gossett pointed out in the Order on Initial Review (filing no. 7), the plaintiff did not purport to sue the defendants in their individual capacity, and instead brought only an official-capacity claim against each defendant. See the Order on Initial Review (filing no. 7 at 1-2):

> The complaint does not specify whether the defendants are sued in their individual capacity, official capacity, or both. In those circumstances, the law presumes that the defendants are sued *only* in their official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).
>
> A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a city or county employee, in his or her official capacity, is in reality a claim against the city or county. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." **Therefore, the defendants'**

2

> ***governmental employer is presently the only defendant in this case, rather than the defendants individually.***
>
> It is important that the plaintiff understand the basis of a claim against the City of Hastings or the County of Adams as opposed to a claim against specific individual people. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. To be liable to the plaintiff, a city or county must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because its employees violated the plaintiff's civil rights. The county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

(Emphasis in original.) In this case, the plaintiff presumably challenges the municipal policy or custom which led the City of Hastings police officers to extract evidence from the plaintiff's stomach without his consent.

When Detective Ronald Gardner died on April 4, 2006, he had not yet been brought before the court by service of process. Subsequently, the plaintiff attempted service on Gardner in Gardner's official capacity (filing no. 20) by serving the Mayor of Hastings, Nebraska, in accordance with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk."[1]  Fed. R. Civ. P. 25(a) states:

(a) Death.

(1) If a party dies and the claim is not thereby extinguished, the court may

---

[1]The Clerk of Court issued the summons for Gardner (filing no. 15) on July 21, 2006, coincidentally the same day the defendants' attorney filed the first Suggestion of Death on behalf of Gardner (filing no. 16). The plaintiff had posted the summons forms to the Clerk of court on July 20, 2006 (filing no. 15 at 2), apparently before receipt of notice concerning Gardner's death. Thereafter, the U.S. Marshal assumed responsibility for service of process on behalf of the plaintiff, as the plaintiff is proceeding in forma pauperis ("IFP").

order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

Fed. R. Civ. P. 25(d) states:

(d) Public Officers; Death or Separation from Office.

(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

(2) A public officer who sues or is sued in an official capacity may be described as a party by the officer's official title rather than by name; but the court may require the officer's name to be added.

The plaintiff has not achieved service of process on Gardner in Gardner's individual capacity. Indeed, as Magistrate Judge F.A. Gossett pointed out in the Order on Initial Review, the plaintiff did not purport to sue Gardner in his individual capacity, and instead brought only an official-capacity claim against each defendant.

In addition, after the Suggestion of Death (filing no. 16) filed on Gardner's behalf on July 21, 2006, the plaintiff had 90 days to substitute Gardner's personal representative in

4

this action,[2] if Gardner had a probate proceeding in existence, or to take such measures as would be necessary in an appropriate court to have a legal representative appointed for Gardner, so that the plaintiff could move for substitution of that person for Gardner in this case. The plaintiff took no such measures and filed no motion to substitute in this case. At this time, the 90-day time limit for a motion to substitute has passed. Therefore, no amendment to the plaintiff's complaint in order to sue Gardner in his individual capacity, followed by substitution of a legal representative for Gardner in his individual capacity will be allowed. See Fed. R. Civ. P. 25(a)(1), (2).

In addition, the court need not decide whether the plaintiff effectively obtained service of process on the City of Hastings through service on Gardner in his official capacity, as that matter has become moot. The City of Hastings is already a party to this action and has been sued, served and brought before the court by service of process on Gardner's co-defendant, the Hastings Police Chief, in his official capacity (filing no. 10). Thus, service on Gardner in his official capacity was not necessary to bring the City of Hastings before this court as a defendant. Thus, filing nos. 16 and 39, the Suggestion of Death and Amended Suggestion of Death concerning Ronald Gardner, are noted for the record. Filing no. 25, the Motion to Dismiss filed on behalf of "Detective Ron Garner," i.e., Ronald Gardner, is granted, and Mr. Gardner is dismissed from this litigation. In addition, the part of filing no. 19 in which the plaintiff objects to filing no. 16 is denied.

---

[2]In an action in the federal courts, unless a motion for substitution is filed not later than 90 days after the death is suggested upon the record, the action will be dismissed as to the deceased party. Fed. R. Civ. P. 25(a)(1).

5

**Chief of Police**

Filing no. 17, the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the Hastings Police Chief, is denied. A claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). See also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002), *citing* Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993):

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts. In Leatherman we stated: "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983. *Expressio unius est exclusio alterius*."

In light of that standard, filing no. 17, the Police Chief's Motion to Dismiss, is denied insofar as filing no. 17 alleges that the complaint fails to state a claim on which relief may be granted. However, the defendant correctly points out that the City of Hastings cannot be held liable to the plaintiff on the basis of imputed or vicarious liability. A municipal entity may not be held liable pursuant to 42 U.S.C. § 1983 on principles of respondeat superior for constitutional injuries allegedly inflicted by other persons. See, e.g., Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989). As previously explained, "[a] plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an

6

'action pursuant to official municipal policy' or misconduct so pervasive among non-policymaking employees of the municipality 'as to constitute a "custom or usage" with the force of law.'" Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2003). See also Turney v. Waterbury, 375 F.3d 756, 761-62 (8th Cir. 2004) (citation omitted): "'In a section 1983 action, a municipality may only be held liable for constitutional violations which result from a policy or custom of the municipality.'..." Therefore, filing no. 17 is denied, and the part of filing no. 19 in which the plaintiff objects to filing no. 17 is granted

### Amendment

In filing no. 21, the plaintiff moved for leave to amend the complaint, but that motion may have become moot. No amendment can resurrect the claims against the deceased Mr. Gardner. In addition, the court has denied the Police Chief's Motion to Dismiss the original complaint. Nevertheless, the court will grant filing no. 21, with the limitation that claims against Mr. Gardner shall remain dismissed. The plaintiff shall have 30 days after the date of this Order to amend his complaint if he wishes, but he is not required to do so.

### Discovery

Upon the plaintiff's service of discovery requests, the Police Chief moved for a Protective Order (filing no. 26) because the parties had not yet met and conferred pursuant to Fed. R. Civ. P. 26(f). However, because the case was brought without counsel by a prisoner in a state or local corrections facility, it is exempt from initial disclosure and planning conference requirements. See Fed. R. Civ. P. 26(a)(1)(E)(iii) & 26(f). Thus, the plaintiff is not barred by Rule 26 from beginning discovery. Accordingly, filing no. 26, the defendant's Motion for Protective Order, is denied. Filing no. 27, the plaintiff's Objection

to the Motion for Protective Order, is granted, and filing no. 32, the plaintiff's Motion to Compel Discovery, is granted. The defendants shall respond to the plaintiff's discovery requests in good faith forthwith.

### Counsel

In filing nos. 28 and 37, the plaintiff requests appointment of counsel. However, in this litigation, as in Phillips v. Jasper County Jail, 437 F.3d 791, 793 (8th Cir. 2006), the record has not been sufficiently developed to determine whether appointment of counsel is justified. "There is no constitutional or statutory right to appointed counsel in civil cases .... Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel. Id. at 794 (emphasis in original, citations omitted). In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court explained: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.) At this time, appointment of an attorney would be premature. The plaintiff should be capable of presenting his claims and beginning discovery. In addition, he has made no record of attempts to obtain counsel, e.g., on a contingent fee basis. Bothwell v. Republic Tobacco Co., 912 F. Supp. 1221 (D. Neb. 1995). In any event, at present, filing nos. 28 and 37 are denied, without prejudice to reconsideration later as the case progresses to trial.

Finally, filing no. 37, the plaintiff's Motion for Information regarding the status of his pending motions, is granted. This Memorandum and Order provides the requested information.

THEREFORE, IT IS ORDERED:

1. That filing nos. 16 and 39, the Suggestion of Death and Amended Suggestion of Death filed on behalf of "Detective Ron Garner" (Ronald Gardner), and filing no. 25, Gardner's Motion to Dismiss, are granted, and that party is dismissed from this litigation;

2. That filing no. 17, the Police Chief's Motion to Dismiss, is denied;

3. That filing no. 19, the plaintiff's Objection, is denied as to the Suggestion of Death (filing no. 16) and granted as to the Motion to Dismiss (filing no. 17);

4. That filing no. 21 is granted, and the plaintiff shall have 30 days after the date of this Order to amend his complaint if he wishes, except that defendant-Gardner shall remain dismissed from this litigation;

5. That filing no. 26, the defendant's Motion for Protective Order, is denied; filing no. 27, the plaintiff's Objection to the Motion for Protective Order, is granted; and filing no. 32, the plaintiff's Motion to Compel, is granted; the defendants shall respond to the plaintiff's discovery requests in good faith forthwith;

6. That filing nos. 28 and 37, the plaintiff's Motions for Appointment of Counsel, are denied at this time; and

7. That filing no. 37, the plaintiff's Motion for Status Information, is granted.

DATED this 2nd day of March, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge